IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES DURAN,

      Plaintiff,

   v.                                                Civ. No. 15-495 KK/KBM

RICK ROMERO *et al.*,

      Defendants.

## ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL

THIS MATTER comes before the Court on Plaintiff's counsel's Motion to Withdraw as Counsel Opposed by Plaintiff (Doc. 42), filed September 9, 2015.  The Court, having reviewed the motion and Plaintiff's objections, and being otherwise fully advised, FINDS that the motion is well-taken and should be GRANTED.

"The Court has wide discretion in granting or denying an attorney's motion to withdraw representation."  *Gamez v. Country Cottage Care & Rehab.*, 377 F. Supp. 2d 1101, 1102 (D.N.M. 2005).  This Court has previously held that "a serious breakdown in the attorney-client relationship" is an appropriate reason to allow an attorney to withdraw, even at a relatively "late stage in the litigation."  *See id.* at 1103.  In his motion, Plaintiff's counsel Samuel Herrera states that he and his client are "temperamentally incompatible," and that his client is "too difficult to work with" and previously "terminated" the representation, although he subsequently changed his mind.[1]  (Doc. 42 at 1.)  On September 16, 2015, Plaintiff submitted a one-page, handwritten document, which the Court construes as his objections to Mr. Herrera's motion.  (Doc. 43.)  In this document, Plaintiff states that he "wish[es] to retain" Mr. Herrera as his counsel, "ha[s] not

---

[1] In a document entitled "Unopposed Third Amended Application to Withdraw as Counsel" (Doc. 40), Plaintiff's counsel also asserted that Plaintiff was "verbally abusive" to him and left him "obscenity laden" telephone messages.  (*Id.*)  However, the Court will not rely on these allegations because Plaintiff's counsel subsequently withdrew this document.  (Doc. 41.)

fired him," and wants Mr. Herrera "to represent [him] throughout this case." (*Id.*) He does not, however, address Mr. Herrera's contention that he and Mr. Herrera are "temperamentally incompatible" or that he is "too difficult to work with." (Doc. 42 at 1.)

The Court in its discretion finds that Mr. Herrera should be permitted to withdraw as Plaintiff's counsel of record in this case, because there has been a serious breakdown in the attorney-client relationship. *Gamez*, 377 F. Supp. 2d at 1103. Moreover, this case is still at a relatively early stage. A scheduling order was entered on August 7, 2015, pursuant to which discovery closes on February 8, 2016. (Doc. 26.) There are no pending dispositive motions. Trial has not yet been scheduled. In these circumstances, Plaintiff has adequate time to either obtain other counsel, or undertake to represent himself *pro se*.

IT IS THEREFORE ORDERED that Mr. Herrera's Motion to Withdraw as Counsel Opposed by Plaintiff (Doc. 42) is GRANTED. Until such time as other counsel enters an appearance on his behalf, Plaintiff is deemed to be representing himself *pro se*. All further communications with Plaintiff concerning this case should be addressed to:

James Duran
Post Office Box 3201
Taos, New Mexico  87571
(505) 257-8232

IT IS FURTHER ORDERED that Mr. Herrera's previous Applications to Withdraw as Counsel (Docs. 36, 37, 39, 40) are DENIED AS MOOT to the extent they have not been withdrawn.

*[signature: Kirtan Khalsa]*

KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent