IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES DURAN,

     Plaintiff,

v.                                                          Civ. No. 15-495 KK/KBM

RICK ROMERO,

     Defendant.

## ORDER DENYING DEFENDANT'S MOTION FOR DEFAULT JUDGMENT

THIS MATTER comes before the Court on Defendant Rick Romero's Motion for Default Judgment (Doc. 51), filed October 16, 2015.  The Court, having reviewed the motion and being otherwise fully advised, FINDS that the motion is not well taken and will be DENIED.

### I.  Factual Background and Procedural History

In his motion, Defendant asks the Court to enter a default judgment against Plaintiff pursuant to Federal Rules of Civil Procedure 37 and 55, because Plaintiff has failed to respond to Defendant's First Sets of Interrogatories and Requests for Production to Plaintiff.  (Doc. 51 at 1.) According to Defendant, Plaintiff's discovery responses were originally due on September 15, 2015.  (*Id.* at 2.)  However, Plaintiff's counsel began filing motions to withdraw from the case as early as September 1, 2015,[1] and was ultimately permitted to withdraw on September 18, 2015, leaving Plaintiff without counsel.  (Docs. 36, 44.)  Defendant states that his counsel therefore conferred with Plaintiff's soon-to-be-former counsel, and agreed to extend the deadline for Plaintiff's discovery responses to October 13, 2015.  (Doc. 51 at 2.)

---

[1] Plaintiff's counsel filed five motions to withdraw before he was permitted to do so.  (Docs. 36, 37, 39, 40, 42.)

On October 8, 2015, Plaintiff filed a motion for an extension of time in which to obtain new counsel. (Doc. 48.) Plaintiff had neither obtained new counsel nor responded to Defendant's discovery requests by October 13, 2015. On October 21, 2015, the Court granted Plaintiff an extension of time in which to obtain new counsel, and excused Plaintiff from representing himself *pro se*, until November 19, 2015. (Doc. 54.) The Court granted this extension "in light of Plaintiff's belief that his former attorney obtained an extension of time for him to find a new attorney, as well as [Plaintiff's] representation that he has mental and physical disabilities." (*Id.*)

## II. Analysis

Rule 37 permits the Court to enter a default judgment against a party as a sanction for failing to respond to discovery requests in appropriate circumstances. Fed. R. Civ. P. 37(d)(1)(A)(ii), (d)(3). "Determination of the correct sanction for a discovery violation is a fact-specific inquiry" within the trial court's discretion. *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992). Criteria the trial court should consider in making this determination include:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Id.* at 921 (internal citations and quotation marks omitted). "[D]ismissal represents an extreme sanction," *id.* at 920, and "is appropriate only in cases of willful misconduct." *Conkle v. Potter*, 352 F.3d 1333, 1337 (10th Cir. 2003) (internal quotation marks omitted).

In the present matter, the Court in its discretion concludes that it would be unjust to impose the extreme sanction of a default judgment against Plaintiff for failing to respond to Defendant's discovery requests. First, to the extent that there has been any actual prejudice to Defendant, or any interference with the judicial process, these have been caused largely by the

withdrawal of Plaintiff's former counsel, rather than by Plaintiff's failure to respond to discovery requests.  Moreover, any such prejudice and interference are relatively slight; discovery in this matter does not close until February 8, 2016, and trial has yet to be scheduled.  (Doc. 26.)  These factors thus weigh against entering a default judgment against Plaintiff.

Second, and most significantly, Plaintiff has not acted culpably in failing to respond to Defendant's discovery requests.  By the time Plaintiff's discovery responses were due, Plaintiff's former counsel had been permitted to withdraw, and Plaintiff had moved for an extension of time in which to obtain new counsel.  (Docs. 44, 48.)  In granting Plaintiff's motion, the Court specifically gave Plaintiff until November 19, 2015 to obtain new counsel or begin representing himself *pro se*, and this deadline has not yet expired.  Under these circumstances, Plaintiff cannot be found to have acted culpably or willfully in failing to respond to Defendant's requests.  Of course, once Plaintiff either obtains new counsel or begins to represent himself *pro se*, he will have to either respond to Defendant's requests or obtain a further extension of time in which to do so.  However, that moment has not yet arrived.  Meanwhile, Plaintiff's lack of culpability weighs heavily against entering a default judgment against him.  *Conkle*, 352 F.3d at 1337.

Finally, the Court has not warned Plaintiff that a default judgment is a likely sanction for failing to respond to Defendant's discovery requests; and to date, no lesser sanctions have been tried and found ineffective.  *See id.* (district court must "carefully assess[] whether some lesser sanction . . . than dismissal would [be] more appropriate" in cases involving *pro se* litigants).  Thus, these factors also weigh against entering a default judgment against Plaintiff.  In short, all of the *Ehrenhaus* factors weigh against imposing the sanction of a default judgment against Plaintiff for failing to respond to Defendant's discovery requests, and the Court will therefore deny Defendant's motion for such relief.  However, Plaintiff is strongly cautioned that, after

November 19, 2015, he must (1) respond to Defendant's discovery requests, (2) obtain Defendant's agreement to a further extension of time in which to respond, or (3) file a motion showing good cause for seeking such an extension; and, failure to do so will result in sanctions, which may include dismissal of this action for failure to prosecute it.

IT IS THEREFORE ORDERED that Defendant Rick Romero's Motion for Default Judgment (Doc. 51) is DENIED.

IT IS SO ORDERED.

_____

KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent