IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES DURAN,

      Plaintiff,

v.                                                    Civ. No. 15-495 KK/KBM

RICK ROMERO,

      Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on its Order to Show Cause (Doc. 63), filed January 8, 2016. The Court, having reviewed the record and the relevant law, having noted that Plaintiff failed to respond to the Order to Show Cause, and being otherwise fully advised, FINDS that Plaintiff's claims should be DISMISSED WITHOUT PREJUDICE for the following reasons.

### I. Introduction

Plaintiff filed this civil rights action against several defendants in the Eighth Judicial District Court for the State of New Mexico on April 13, 2015. (Doc. 1-1 at 1.) The case was removed to this Court on June 11, 2015. (Doc. 1 at 1.) The parties, through counsel, subsequently agreed to dismiss Plaintiff's claims against all of the defendants except Defendant Romero. (Docs. 30, 32, 35.) On August 7, 2015, the Court entered a scheduling order whereby the parties were to complete discovery by February 8, 2016. (Doc. 26 at 1.) Pursuant to this order, Defendant Romero served written discovery requests on Plaintiff on August 13, 2015. (Doc. 33.)

Plaintiff's former counsel in this matter was permitted to withdraw his representation on September 18, 2015. (Doc. 44.) Although the Court granted Plaintiff until November 19, 2015

to obtain substitute counsel, to date, Plaintiff has not done so, and is therefore deemed to have been proceeding *pro se* from that time forward.  (Doc. 54.)  Since November 19, 2015, Plaintiff has failed to appear for a December 10, 2015 status conference for which he received notice.[1] (Doc. 58.)  Plaintiff has also failed to respond to the Court's Order to Show Cause why he did not attend the conference.  (Doc. 59 at 1-2.)  In addition, Plaintiff has failed to respond to Defendant's Second Motion for Default Judgment (Doc. 60), filed December 18, 2015, in which Defendant alleges that Plaintiff has also failed to respond to the discovery requests Defendant served on August 13, 2015, or to request an extension of time beyond November 19, 2015 in which to do so.  (Doc. 61 at 1.)  Finally, Plaintiff has failed to respond to the Court's January 8, 2016 Order to Show Cause, by January 29, 2016, why the case should not be dismissed for his failure to prosecute it.  (Doc. 63 at 2.)

Before dismissing a case as a sanction for failure to prosecute it, the Court must consider the following factors:

> (1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the litigant's culpability; (4) whether the court warned the party in advance that dismissal would be a likely sanction for noncompliance; and[,] (5) the efficacy of lesser sanctions.

*Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 (10th Cir. 2007); *Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002).  "[D]ismissal is warranted when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits."  *Ecclesiastes 9:10-11-12, Inc.*, 497 F.3d at 1144.  "It is within a court's discretion to dismiss a case if, after considering all the relevant factors, it concludes that dismissal alone would satisfy the interests of justice."  *Gripe*, 312 F.3d at 1188.

---

[1] Plaintiff also failed to appear for two scheduling conferences before November 19, 2015.  (Docs. 45, 52.)

In the present matter, Plaintiff's repeated failures to prosecute this case since his counsel's withdrawal have brought its forward progress to a complete and sustained halt. This has caused considerable actual prejudice to Defendant, who has been haled into court and then prevented from defending himself, and has interfered significantly with the judicial process. Plaintiff has demonstrated on at least one occasion that he is capable of responding to a court order; thus, the Court concludes that Plaintiff bears some culpability for his repeated failures to prosecute the case, notwithstanding his claims of physical and mental disabilities. (Doc. 48 at 1.) The Court has warned Plaintiff on *six* occasions that dismissal is a likely sanction for continued failure to meet his litigation obligations, and Plaintiff has ignored all of these warnings, including the Court's most recent warning in its January 8, 2016 Order to Show Cause. (Doc. 46 at 1; Doc. 53 at 1; Doc. 54 at 1-2; Doc. 56 at 3-4; Doc. 59 at 2; Doc. 63 at 1-2.) In light of all of the foregoing, the Court concludes that lesser sanctions would be fruitless, that the many aggravating factors presented here substantially outweigh the Court's predisposition to resolve cases on their merits, and that "dismissal alone [will] satisfy the interests of justice" as a sanction for Plaintiff's repeated and prejudicial failures to prosecute this action. *Gripe*, 312 F.3d at 1188.

IT IS THEREFORE ORDERED that all of the remaining claims that Plaintiff has brought in this action are hereby DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

*/s/ Kirtan Khalsa*
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent